**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

EVERETT FORD,

      Petitioner,                    Civil No. 11-CV-12760
                                      HONORABLE DENISE PAGE HOOD
v.                                UNITED STATES DISTRICT JUDGE

GREGORY McQUIGGIN,

      Respondent,

_____/

## OPINION AND ORDER (1) GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT, (2) DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS; AND (3) DENYING A CERTIFICATE OF APPEALABILITY.

      Everett Ford, ("Petitioner"), presently incarcerated at the Chippewa Correctional Facility in Kincheloe, Michigan, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his conviction for one count of first-degree murder, MICH. COMP. LAWS 750.316, and one count of felony-firearm. MICH. COMP. LAWS 750.227b. This matter is before the Court on Respondent's motion for summary judgment, asserting that the Court should dismiss the petition as untimely. Petitioner has filed a response to the motion for summary judgment. For the reasons set forth herein, the Court agrees with Respondent and dismisses the petition for failure to comply with the one-year statute of limitations set forth at 28 U.S.C. § 2244(d). The Court also denies a certificate of appealability.

## I.    FACTS AND PROCEDURAL HISTORY

      Petitioner was found guilty of the above offenses following his 1987 jury trial in the Wayne Circuit Court. The charges involved the shooting death of Edward Holsey

1

on July 4, 1986.   Holsey attended a birthday party for Petitioner on that date.   At some point, a fight erupted and Petitioner punched Holsey in the mouth, splitting his lip. Holsey drove away.   Soon thereafter, Petitioner and other men left in a car Petitioner was borrowing.   Some witnesses testified that Petitioner obtained a handgun and went to hunt Holsey down but other witnesses denied this was the case.

In any event, witnesses agreed that Petitioner's car approached Holsey's parked car, and Holsey's back window was shattered by a gunshot.   Four prosecution witnesses testified that Petitioner emerged from his car with a handgun and shot Holsey.   Other witnesses testified that Holsey got out of his car with a gun and pointed it at Petitioner, and then someone else shot Holsey.   After the shooting, Petitioner and his group of friends drove-off in the car Petitioner was driving.

Holsey's girlfriend, Mable Coleman, testified that she witnessed the shooting from a few short blocks away.   She ran to the scene, and with the help of others, Holsey was placed in his car and driven to the hospital.

Police officer Andrew Gammicchio testified that he was ordered to secure the victim's car in the hospital parking lot. Gammicchio testified that he saw that the back window of the car had been shot out.   He looked inside the car with his flashlight and did not observe any bullet shells inside.   Gammicchio testified that he called to have the car impounded and waited with it until the tow truck arrived.   Another police officer identified the impound receipt.   Upon inspection at a police garage, bullet shells were found in the victim's car.   Gammicchio testified that they were not there when he inspected the car before it was towed.   The impound receipt inventory filled out by Gammicchio did not show that he saw any shells in the car.   An officer testified that

2

after it was processed, the car was eventually released to the victim's father.

Petitioner was convicted based on this evidence.  A few months later, Tommy Bennett, Petitioner's brother, was tried separately for his participation in the murder. Bennett was also convicted of first-degree murder.  According to Petitioner, Mable Coleman testified at Bennett's trial that she was given permission from an officer at the hospital to drive the victim's car home.  Petitioner theorizes that if it is true that Coleman drove the victim's car away from the hospital, it is likely that she discovered the victim's gun and disposed of it, undermining Petitioner's claim that the victim was armed.  Petitioner claims that he did not learn of this testimony until over twenty years after his trial.

Direct review of petitioner's conviction in the Michigan courts ended on November 22, 1989, when the Michigan Supreme Court denied Petitioner leave to appeal following the affirmance of his conviction on his direct appeal by the Michigan Court of Appeals. *People v. Ford*, 1989 Mich. LEXIS 2365 (Mich. Nov. 22, 1989).

On March 26, 2008, Petitioner filed a post-conviction motion for relief from judgment with the Wayne County Circuit Court pursuant to M.C.R. 6.500, *et. seq.* The motion asserted, among other claims, that the prosecutor withheld evidence that Coleman was given permission to drive the victim's car away from the hospital, and that there was a probability that she removed exculpatory evidence from the vehicle before it was inspected by the police.

After the trial court and the Michigan Court of Appeals denied petitioner's post-conviction application, collateral proceedings in the state courts ended on June 28, 2010, when the Michigan Supreme Court denied petitioner's application for leave to

3

appeal the denial of his post-conviction motion. *People v. Ford,* 486 Mich. 1045 (2010).

Petitioner filed the instant habeas petition on June 27, 2011.  On December 1, 2011, Respondent filed a motion for summary judgment, asserting that review of the petition is barred by the one-year statute of limitations.  Petitioner subsequently filed a response to the motion.

## II.   DISCUSSION

The Court will grant Respondent's motion for summary judgment, because the petition for writ of habeas corpus was not filed within the one-year statute of limitations.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Sanders v. Freeman*, 221 F. 3d 846, 851 (6th Cir. 2000)(quoting FED. R. CIV. P. 56(c)). To defeat a motion for summary judgment, the non-moving party must set forth specific facts sufficient to show that a reasonable factfinder could return a verdict in his favor. *Id.*

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a one year statute of limitations shall apply to an application for writ of habeas corpus by a person in custody pursuant to a judgment of a state court. The one year statute of limitation shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

4

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

A petition for writ of habeas corpus must be dismissed where it has not been filed within the one year statute of limitations. *See Holloway v. Jones*, 166 F. Supp. 2d 1185, 1187 (E.D. Mich. 2001).

Petitioner's direct review was concluded in 1989. For the petition to be considered timely, Petitioner is required to demonstrate a later starting point for the limitations period to begin.   Petitioner alleges that the period did not begin to run until a short time before he filed his motion for relief from judgment in the state trial court, when he learned in 2008 of Coleman's testimony at Bennett's trial that she drove the victim's car away from the hospital with a police officer's permission.

Pursuant to 28 U.S.C.§ 2244(d)(1)(D), the AEDPA's one year limitations period begins to run from the date upon which the factual predicate for a claim could have been discovered through due diligence by the habeas petitioner. *See Ali v. Tennessee Board of Pardon and Paroles*, 431 F. 3d 896, 898 (6th Cir. 2005).   The date of the actual discovery of the factual predicate does not matter, it is the date on which it could have discovered through due diligence that marks the starting point.   *See Redmond v. Jackson*, 295 F. Supp 2d 767, 771 (E.D. Mich. 2003).   Moreover, the time under the AEDPA's limitations period begins to run pursuant to § 2244(d)(1)(D) when a habeas petitioner knows, or through due diligence, could have discovered, the important facts

5

for his or her claims, not when the petitioner recognizes the facts' legal significance. *Id.* Finally, "§ 2244(d)(1)(D) does not convey a statutory right to an extended delay while a petitioner gathers every possible scrap of evidence that might support his claim." *Redmond*, 295 F. Supp. 2d at 771. "Rather, it is the actual or putative knowledge of the pertinent facts of a claim that starts the clock running on the date on which the factual predicate of the claim could have been discovered through due diligence, and the running of the limitations period does not await the collection of evidence which supports the facts, including supporting affidavits." *Id.* at 772.   A habeas petitioner has the burden of proof in persuading a federal court that he or she exercised due diligence in searching for the factual predicate of the habeas claims. *See Stokes v. Leonard*, 36 Fed. Appx. 801, 804 (6th Cir. 2002).

In the present case, Petitioner claims that he did not learn of Coleman's testimony   at his brother's trial until sometime in 2008.  His answer to Respondent's motion does not attempt to explain why it took him over twenty years to obtain this information.  The chain of custody of the victim's car was a hotly contested issue at Petitioner's trial.   Officer Gammicchio testified that he secured the car in the parking lot of the hospital.  When he looked inside it with his flash light he did not observe any bullet shells.  He said he arranged for the car to be towed to the impound lot.   While he was waiting, he saw six to eight people milling around the car. The tow truck came and transported the car to be searched.   Gammicchio and his partner followed in their patrol car.  When the car was searched at the impound lot, shells were discovered that Gammicchio said were not there in the parking lot.  At trial, Petitioner's counsel used the presence of shells to support Petitioner's defense that the victim was armed.  The

6

prosecutor asserted, on the other hand, that it appeared that the shells were somehow placed in the car after the fact to aid Petitioner's defense.   Accordingly, Petitioner had every incentive, both prior to trial and after trial, to seek out further evidence regarding the handling of the victim's car. That evidence presented at his brother's trial might shed light on this issue–or indeed prove useful to Petitioner on appeal one way or another–seems an obvious point.   Yet Petitioner has offered absolutely no explanation why it took him over twenty years to discover Coleman's testimony at his brother's trial.

Petitioner is not entitled to invoke the provisions of § 2244(d)(1)(D) to delay the commencement of the one year limitations, because he has failed to offer any argument as to why he could not have discovered Coleman's testimony at an earlier date. Petitioner has done nothing to show, much less argue, that he exercised due diligence in obtaining the testimony, which would have been available shortly after his co-defendant's trial ended.   Section 2244(d)(1)(D) does not save his petition from being time-barred. *See Townsend v. Lafler*, 99 Fed. Appx. 606, 608-09 (6th Cir. 2004).

The AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S. Ct. 2549, 2560, 177 L. Ed. 2d 130 (2010).   A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way'" and prevented the timely filing of the habeas petition. *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Petitioner argues that the limitations period should be equitably tolled because Coleman's testimony shows that he is actually innocent of the charges.   The one year

7

statute of limitations may be equitably tolled based upon a credible showing of actual innocence under the standard enunciated in *Schlup v. Delo*, 513 U.S. 298 (1995). *See Souter v. Jones*, 395 F. 3d 577, 599-600 (6th Cir. 2005). To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 590 (quoting *Schlup*, 513 U.S. at 327). For an actual innocence exception to be credible, such a claim requires a habeas petitioner to support his or her allegations of constitutional error "with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324; *Souter*, 395 F. 3d at 590. The Sixth Circuit further noted that "actual innocence means factual innocence, not mere legal insufficiency." *Souter*, 395 F. 3d at 590 (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). Finally, the Sixth Circuit in *Souter* recognized the Supreme Court's admonition that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Id.* (quoting *Schlup*, 513 U.S. at 321).

Petitioner's allegation that Coleman had access to the victim's automobile prior to its search is insufficient to demonstrate that he is actually innocent. The question whether the vehicle was tampered with was an issue raised at trial. And even if the jury had learned that Coleman had access to the vehicle before its search at the impound lot, it would not change the fact that several eyewitnesses who knew Petitioner saw him shoot the victim. It would also have not changed the fact that numerous people saw the fight between Petitioner and the victim occurring earlier in the day, nor the facts that Petitioner drove up to the victim's vehicle and that the rear window of the

8

victim's vehicle was shot out.   Moreover, even officer Gammicchio conceded during his testimony that he saw several people loitering around the vehicle before it was towed. Petitioner has not shown that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt in light of Coleman's testimony at co-defendant's trial.   Petitioner is, therefore, not entitled to equitable tolling under *Souter*.

## III.   CONCLUSION

Based on the foregoing analysis, the Court concludes that petitioner failed to file his habeas petition within the one-year limitations period established by 28 U.S.C. § 2244(d) and the statute of limitations precludes federal review of the petition. Accordingly, the Court **GRANTS** Respondent's motion for summary judgment and **DISMISSES** the petition for writ of habeas corpus.

Before petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); FED. R.APP. P. 22(b).   A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).   When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).

When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed.   In such a case, no appeal is warranted. *Id.*   "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254; *See also Strayhorn v. Booker,* 718 F. Supp. 2d 846, 875 (E.D. Mich. 2010).

After conducting the required inquiry and for the reasons stated herein, the Court is satisfied that jurists of reason would not find the Court's procedural ruling debatable. No certificate of appealability is warranted in this case.   Accordingly, the Court **DENIES** a certificate of appealability.

The Court likewise denies Petitioner permission to appeal in forma pauperis because any appeal would be frivolous.

**IT IS SO ORDERED.**

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:   April 30, 2012

I hereby certify that a copy of the foregoing document was served upon Everett Ford #18650, 4269 W. M-80, Kincheloe, MI 49784 and   counsel of record on April 30, 2012, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager